1  JOEL M. FREED (N.D. Cal. Bar No. VA)
   McDERMOTT WILL & EMERY LLP
2  500 North Capitol Street, N.W.
   Washington, D.C. 20001
3  Telephone: (202) 756-8000
   Facsimile:  (202) 756-8087
4  Email: jfreed@mwe.com

5  *Attorney for Non-Party Linear Technology Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EMERSON ELECTRIC CO., FISHER-ROSEMOUNT SYSTEMS, INC., and ROSEMOUNT INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SIPCO, LLC and IP CO, LLC (d/b/a INTUS IQ),<br><br>Defendants. | Case No.  4:16-mc-80164-DMR<br><br>(Relating to litigations pending in the United States District Court for the Northern District of Georgia, Case Nos. 1:15-cv-319-AT and 1:16-cv-2690-AT)<br><br>**AMENDED ~~PROPOSED~~ PROTECTIVE ORDER ADDENDUM SUBMITTED PURSUANT TO NOVEMBER 21, 2016 ORDER** |
| SIPCO, LLC and IP CO, LLC (d/b/a INTUS IQ),<br><br>Plaintiffs,<br><br>v.<br><br>EMERSON ELECTRIC CO., EMERSON PROCESS MANAGEMENT LLLP, FISHER-ROSEMOUNT SYSTEMS, INC., ROSEMOUNT INC., BP, p.l.c., BP AMERICA PRODUCTION COMPANY,<br><br>Defendants. | |

# PROTECTIVE ORDER ADDENDUM

IT IS HEREBY ORDERED that the following provisions will govern any production by Linear of source code in response to SIPCO's third party discovery requests.

1. Notwithstanding the third-party escrow provision of section 14(b) of the Protective Orders[1], Linear shall instead make available source code production, if any, at the Menlo Park, California office of its outside counsel, McDermott Will & Emery LLP ("McDermott"), or at a different McDermott office as mutually agreed to between Linear and SIPCO.

2. In addition to the provisions of section 14(b) of the Protective Orders regarding appropriate tool software on the Source Code Computer, SIPCO shall identify and provide the software to Linear at least five business days in advance of any installation. If Linear objects to the software, it shall state its objection within the five business days. In the event of a dispute, Linear and SIPCO will meet and confer within five business days of the objection, and if they cannot thereafter resolve the dispute will then raise it with the court for the district where compliance was required.

3. Notwithstanding the provisions regarding requests for copies in section 14(b)(i) of the Protective Orders, requests for copies of printed source code shall be made in accordance with the following provisions, regardless of pages requested: SIPCO may only request copies of source code printouts limited to portions of source code that it believes in good faith are necessary and proportional to the needs of the case. If Linear objects to providing the requested copies for any reason, including but not limited to the requested source code being too voluminous and/or not proportional to the needs of the case, it shall state its objection within five business days. In the event of a dispute, Linear and SIPCO will meet and confer within five business days of the objection, and if they cannot thereafter resolve the dispute will then raise it with the court for the district where compliance was required. If Linear does not object, then it will provide two copies within five business days of SIPCO's request. It is understood that review of source code is intended to occur in the first instance via the Source Code Computer and

---

[1] Dkt. No. 27 in Case No. 1:15-cv-319 (N.D.Ga.) and Dkt. No. 68 in Case No 6:15-cv-907 (E.D.Tex.), which is now Case No. 1:16-cv-2690 (N.D.Ga.).

SIPCO shall not submit broad or voluminous requests that effectively seek printouts of the source code en masse for review in essence in the first instance via source code printouts. Every effort shall be made to minimize the amount of source code pages requested for printout, and specific justification must be provided for individual requests in excess of 50 pages and for cumulative requests in excess of 300 pages, notwithstanding the page limit referenced in section 14(b)(i) of the Protective Orders, which is too voluminous in the context of the Linear source code and shall not factor into supporting the reasonableness of SIPCO's requests is any way.

4. In addition to the provisions regarding subsequent copies of printed source code for pleadings filed under seal and depositions designated "ATTORNEYS' EYES ONLY" in section 14(b)(i) of the Protective Orders, the following additional restrictions apply:

   a. For filings under seal, a single electronic copy can be made in order to comply with the Court's procedure for electronic filing under seal, which copy shall be limited to the specific portions of source code reasonably necessary for, and specifically cited in, the brief for which the source code is being filed. The electronic copy made for filing shall be deleted after electronic filing has completed.

   b. For depositions, up to three paper copies may be made (one for the reporter, one for examining counsel, and one for opposing counsel) which shall be limited to specific portions of source code reasonably expected to be necessary for and used at the deposition. Portions of source code larger than five pages are presumptively unreasonable and subject to Linear's prior approval, not to be unreasonably withheld, based on SIPCO's explanation of alleged relevance and proportionality to the needs of the case. At least five business days prior to the deposition, SIPCO shall provide notice to Linear that identifies the specific pages of source code expected to be used at the deposition and the names of the expected attendees at the deposition, which shall not include any individuals that are not entitled to access source code under the Protective Orders and this Addendum. Where a copy of source code is entered as an exhibit in the deposition, the exhibit copy shall be

maintained in a locked storage container by the court reporter and the other permitted copies shall be maintained by the attorneys of record and shall be subject to the protections of the Protective Orders and this Addendum.  Copies of source code not entered as an exhibit at the deposition shall be promptly shredded.

5.   It is understood, and reiterated for avoidance of any doubt, that the section 14(c)(i) requirements for a locked storage container and the section 14(c)(iii) requirements for maintaining an access log are retained and govern any source code copies provided by Linear.

6.   Notwithstanding sections 14(c) and 14(c)(i) of the Protective Orders, access to the Source Code Computer is subject to reasonable restrictions and approval by Linear, including being limited to normal business hours between 9:00am to 5:00pm, Monday through Friday.

7.   For avoidance of doubt and in addition to the limitations of sections 14(d) and 14(e) of the Protective Orders, it is understood that no outside electronic devices of any kind, including but not limited to laptop computers, cell phones, USB flash drives, or any devices with camera, storage, or internet functionalities, shall be permitted in the same room as the Source Code Computer.

8.   For avoidance of doubt, section 14(h) of the Protective Orders is clarified as follows:  A representative of Linear may exercise personal supervision during review of the Source Code Computer.  Such supervision, however, shall not entail review of any work product generated by the reviewer, e.g., monitoring the screen of the Source Code Computer, monitoring any surface reflecting any notes or work product of the review, or monitoring the key strokes of the reviewer.

9.   For avoidance of doubt, it is understood that the notice required under section 14(c) of the Protective Orders is required before any individual accesses source code <u>in any form</u>, including the Source Code Computer, source code print outs, or notes taken (or notes derived from those taken) during review of the Source Code Computer.  It is further understood that individuals identified under section 7(f) of the Protective Orders are not permitted to access source code in any form.

10.     **Prosecution Bar.**  Absent written consent from Linear, any individual who receives access to Linear source code shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar shall begin when access to Linear source code is first received by the affected individual and shall end two (2) years after final termination of this action.

SO ORDERED

Dated: Nov. 30, 2016

IT IS SO ORDERED

Judge Donna M. Ryu

Donna M. Ryu
United States Magistrate Judge

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.